STEVEN T. JAFFE, ESQ.
Nevada Bar No. 7035
sjaffe@lawhjc.com
TAYLOR R. ANDERSON, ESQ.
Nevada Bar No. 015136C
tanderson@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 Peak Drive
Las Vegas, Nevada 89128
(702) 316-4111
Fax (702) 316-4114

JOHN P. SHANNON
Nevada Bar No. 7906
JASON S. COOK
Nevada Bar No. 7965
LAW OFFICE OF WILLIAM H. JACKSON
6130 Elton Avenue
Las Vegas, Nevada 89107
Phone: (702) 489-3030
Facsimile: (702) 489-3033

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA, SOUTHERN DIVISION**

ESTEVAN ALVARADO-HERRERA , an individual,

Plaintiff,

v.

JOSE LUIS ALVAREZ, JR., Individually; R&R EXPRESS, INC, a Pennsylvania corporation; ALVARO JOSE MEDEL, Individually; ONE WAY TRUCKING, LLC, a Texas Limited Liability Company, and, DOES I through XX, Inclusive,

Defendants.

---

ACUITY, a Mutual Insurance Company,

Intervenor.

CASE NO.: 2:19-cv-00748-JAD-VCF

**SECOND AMENDED COMPLAINT**

[JURY DEMAND]

Plaintiff, ESTEVAN ALVARADO-HERRERA, by and through his attorneys STEVEN T. JAFFE, ESQ., and TAYLOR R. ANDERSON, ESQ. of HALL JAFFE & CLAYTON, LLP, and JOHN P. SHANNON and JASON S. COOK, of the LAW OFFICE OF WILLIAM H. JACKSON, LLC and for his claims of relief against Defendants JOSE LUIS ALVAREZ, JR.; R&R EXPRESS, INC.; ALVARO JOSE MEDEL; and, ONE WAY TRUCKING, LLC., alleges and complains as follows:

**GENERAL ALLEGATIONS**

1. That at all time relevant hereto, Plaintiff ESTEVAN ALVARADO-HERERRA, individually, (hereinafter "ALVARADO"), is and was a resident of the County of Clark, State of Nevada.

2. Upon information and belief, at all times herein mentioned, Defendant JOSE LUIS ALVAREZ, JR. (hereinafter "ALVAREZ"), is and was a resident of the State of Texas.

3. Upon information and belief, at all times herein mentioned, R&R EXPRESS, INC., (hereinafter "R&R"), previously identified as DOE III, was and is Pennsylvania corporation that were registered to do business in, doing business in and/or maintained a principal place of business in the County of Clark, State of Nevada.

4. Upon information and belief, at all times herein mentioned, Defendant ALVARO JOSE MEDEL (hereinafter "MEDEL"), previously identified as DOE I, is and was a resident of the State of Texas.

5. Upon information and belief, at all times herein mentioned, Defendant ONE WAY TRUCKING, LLC. (hereinafter "ONE WAY TRUCKING"), previously identified as DOE II, is and was a Texas Limited Liability Company that was registered to do business in, doing business in and/or maintained a principal place of business in the County of Clark, State of Nevada.

6. That all acts and omissions referenced herein occurred within the County of Clark, State of Nevada.

7. That the true names and identities, whether, corporate, associate or otherwise, of Defendants DOES XI through XX are unknown to Plaintiff, who therefore sues said Defendants

by such fictitious names. Plaintiff is informed and believes, and therefore alleges that each Defendant designated herein as a DOE was the agent, servant, employee, or corporate employer of the other, acting within the scope and purpose of said agency, service, employment, or corporate activity; Defendants may have been, and/or are, the owners and operators of the motor vehicle, and/or their employers and/or family members who, while in the course and scope of employment and/or family purpose, entrusted and drove in such a negligent and careless manner so as to cause injuries to the Plaintiff. Plaintiff request leave of the Court to amend this Complaint to name Defendants specifically when their identities become known.

8. That DOES IV through XX are immediate family members of Defendants who may be liable for Defendants' negligence pursuant to NRS 41.440, which states:

> Any liability imposed upon a wife, husband, son, daughter, father, mother, brother, sister or other immediate member of a family arising out of his or her driving and operating a motor vehicle upon a highway with the permission, express or implied, of such owner is hereby imposed upon the owner of the motor vehicle, and such owner shall be jointly and severally liable with his or her wife, husband, son, daughter, father, mother, brother, sister or other immediate member of a family for any damages proximately resulting from such negligence or willful misconduct, and such negligent or willful misconduct shall be imputed to the owner of the motor vehicle for all purposes of civil damages.

9. That DOES IV through XX are employers of Defendants who may be liable for Defendants' negligence pursuant to NRS 41.130, which states:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

10. That Plaintiff is further informed and believes, and on that basis alleges, that certain witnesses are known to Plaintiff as witnesses. However, Plaintiff does not yet know whether or not particular witnesses have culpability in this matter at this time. However, once Plaintiff has determined the true culpability of one or more of the DOE and ROE CORPORATION Defendants, he will amend his complaint to set forth facts and claims alleging

the actual culpability and to substitute such witnesses for DOE and ROE CORPORATION Defendants.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**
**(Against All Defendants)**

11. Plaintiff hereby realleges and incorporates all previous paragraphs of this Complaint, as if set forth fully herein.

12. On or about January 30, 2017, Plaintiff ALVARADO was standing outside of the left side of his vehicle, a 2012 Ford Transit Connect van, with the left sliding door opened, while located in a private parking lot at 4210 West Patrick Lane, in the County of Clark, State of Nevada.

13. On or about January 30, 2017, Defendant ALVAREZ was driving a 2015 Dodge Ram 3500 pickup truck that was towing a semi-trailer, and was traveling eastbound in the parking lot of 4210 West Patrick Lane. Defendant ALVAREZ performed a sharp right turn to travel southbound across the parking lot toward the exit/entrance gate.

14. During Defendant ALVAREZ's turn, the right side of the trailer being towed by Defendant ALVAREZ collided with left sliding door of Plaintiff ALVARADO'S vehicle.

15. As Defendant ALVAREZ continued with his turn, left sliding door of Plaintiff ALVARADO's vehicle became lodged onto the Defendant ALVAREZ's trailer near a cargo strap assembly.

16. During the continued travel of the Defendant ALVAREZ's vehicle, violent contact was also made with the Plaintiff, ALVARADO, who became caught between the left door of his vehicle, and the right side of the Defendant ALVAREZ's trailer. The right side of Defendant ALVAREZ's trailer ripped the left cargo door of the Plaintiff ALVARADO's vehicle.

17. Defendant ALVAREZ owed a duty of care in the operation of the 2015 Dodge Ram 3500 pickup truck and trailer.

18. That by operating said vehicle and trailer in such a careless and reckless manner, Defendant ALVAREZ breached his duty of care and was therefore negligent.

19. At all times relevant hereto, Defendant ALVAREZ was operating the 2015 Dodge Ram 3500 pickup truck and trailer in the course and scope of his employment with either Defendant MEDEL and/or Defendant ONE WAY TRUCKING, and/or with the express or implied permission of the owner of the vehicle.

20. On or about January 27, 2017, Defendant R&R entered into a Broker-Carrier Agreement with Defendant ONE WAY TRUCKING that provided a “mutual benefit” between the parties that allowed ONE WAY TRUCKING to “receive and accept (or decline) offers to transport one or more freight shipments from any one of the affiliated ‘Participating Brokers”, including R&R EXPRESS, INC.

21. At all times material hereto, Defendant R&R, pursuant to Broker-Carrier Agreement, as a Participating Broker assigned, contracted, or otherwise offered Defendant ONE WAY TRUCKING the freight shipment(s) being transported by Defendant ALVAREZ at the time of this incident. Defendant ALVAREZ was at all times material an agent, employee, or independent contractor for Defendant R&R, Defendant ONE WAY TRUCKING, and/or Defendant MEDEL.

22. Defendant R&R had a duty to select a competent contractor to transport the load it was contracting for interstate transport and breached that duty in selecting Defendant ALVAREZ, Defendant MEDEL and/or Defendant ONE WAY TRUCKING after having reason to know that Defendant ALVAREZ, Defendant MEDEL and/or Defendant ONE WAY TRUCKING were engaged in unsafe practices and/or Defendant R&R failed to perform a meaningful investigation to determine whether Defendant ALVAREZ, Defendant MEDEL and/or Defendant ONE WAY TRUCKING was a competent contractor.

23. Defendant R&R had a duty to ensure its agent and/or contractor Defendant ALVAREZ, Defendant MEDEL and/or Defendant ONE WAY TRUCKING had adequate insurance given the inherently dangerous nature of the activity and breached that duty in selecting Defendant ALVAREZ, Defendant MEDEL and/or Defendant ONE WAY TRUCKING.

24. Defendant R&R; Defendant MEDEL; and/or, Defendant ONE WAY TRUCKING are therefore liable for Defendant ALVAREZ's negligence pursuant to Nevada law, NRS 41.130.

25. As a direct and proximate result of the negligence, of Defendant ALVAREZ; Defendant R&R; Defendant MEDEL; and/or, Defendant ONE WAY TRUCKING, as herein alleged, Plaintiff ALVARADO sustained several severe physical injuries resulting in past and future general and special damages, including but not limited to: pain and suffering; emotional anxiety and distress; loss of enjoyment of life; medical treatment, including invasive surgical procedures and associated medical expenses; lost wages, loss of future earnings and earning capacity; loss of household services; and other incident expenses and damages; with said past and future general and special damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

26. As a direct and proximate result of the negligence of Defendants ALVAREZ; Defendant R&R; Defendant MEDEL; and/or, Defendant ONE WAY TRUCKING, as herein alleged, it has been necessary for Plaintiff ALVARADO to retain the attorneys to prosecute this action, and Plaintiff is therefore entitled to recover his reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment as follows:

1. General and emotional damages in an amount in excess of $75,000.00, exclusive of interest and costs;
2. For past special damages in an amount in excess of $75,000.00 to be proven at trial, exclusive of interest and costs;
3. For future medical care, future loss of income and earning capacity, future loss of household services, and future pain, suffering, emotional anxiety and distress in excess of $75,000.00 to be proven at trial, exclusive of interest and costs;

///

///

///

///

4. For pre-judgment and post-judgment interest, attorney's fees, costs of suit; and

5. For such other and further relief as the court may deem just, equitable and proper in the premises.

DATED this 27th day of February, 2020.

**HALL JAFFE & CLAYTON, LLP**

By:_______________________
STEVEN T. JAFFE, ESQ.
Nevada Bar No. 7035
TAYLOR R. ANDERSON, ESQ.
Nevada Bar No. 015136C
7425 Peak Drive
Las Vegas, Nevada 89128

**LAW OFFICE OF WILLIAM H. JACKSON**

JOHN P. SHANNON
Nevada Bar No. 7906
JASON S. COOK
Nevada Bar No. 7965
6130 Elton Avenue
Las Vegas, Nevada 89107
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of **HALL JAFFE & CLAYTON, LLP**, and on this 27th day of February, 2020, I served a copy of the foregoing **PLAINTIFF'S REQUEST FOR CASE MANAGEMENT CONFERENCE** as follows:

[ ] **U.S. MAIL** — By depositing a true copy thereof in the U.S. Mail, first class postage prepaid and addressed as listed below; and/or

[ ] **FACSIMILE** — By facsimile transmission to the facsimile number(s) shown below; and/or

[ ] **HAND DELIVERY** — By hand-delivery to the addresses listed below; and/or

[X] **ELECTRONIC SERVICE** — Pursuant to the Court's CM/ECF e-filing system.

ONE WAY TRUCKING, LLC
Cory R. Eichelberger, Esq.
Sarah Hartig, Esq.
LEWIS BRISBOIS
6385 S. Rainbow Blvd., #600
Las Vegas, NV 89118
*Defendants One Way Trucking, LLC, Alvaro Jose Medel, and Jose Luis Alvarez, Jr.*

Marissa R. Temple, Esq.
ROGERS MASTRANGELO CARVALHO & MITCHELL
700 South Third Street
Las Vegas, NV 89101
*Attorney for Intervenor*

An Employee of
**HALL JAFFE & CLAYTON, LLP**