CORY R. EICHELBERGER
Nevada Bar No. 10577
SARAH B. HARTIG
Nevada Bar No. 10070
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Fax: 702.893.3789
Email:  cory.eichelberger@lewisbrisbois.com
Email:  sarah.hartig@lewisbrisbois.com
*Attorneys for Defendant*
*ONE WAY TRUCKING, LLC; JOSE LUIS ALVAREZ, JR.; and R&R EXPRESS, INC.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ESTEVAN ALVARADO-HERRERA, and individual,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE LUIS ALVAREZ, JR. individually; R&R EXPRESS, INC., a Pennsylvania corporation; ALVARO JOSE MEDEL, individually; ONE WAY TRUCKING, LLC., a Texas Limited Liability Company; and DOES I through XX, inclusive,<br><br>Defendants.<br><br>ACUITY, A MUTUAL INSURANCE COMPANY,<br><br>Intervenor. | CASE NO. 2:19-CV-00748-JAD-VCF<br><br><br><br>**DEFENDANT R&R EXPRESS, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant R&R EXPRESS, INC. (hereinafter "Defendant" or "R&R EXPRESS"), by and through its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, hereby answers Plaintiff's Second Amended Complaint ("Complaint") as follows:

Unless otherwise stated, R&R EXPRESS denies each and every allegation contained in Plaintiff ESTEVAN ALVARADO-HERRERA'S ("Plaintiff") Complaint.

. . .

4829-7569-5037.1

## GENERAL ALLEGATIONS

1) Answering Paragraphs 1, 2, 4, 5, 6, 7, 8, 9, and 10 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the facts alleged in said Paragraphs and therefore denies them.

2) Answering Paragraphs 3 of the Complaint, Defendant admits only that at the time of the incident alleged in Plaintiff's Complaint it was a Pennsylvania corporation. As to the remaining allegations contained therein, Defendant denies the same.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

### (Against All Defendants)

3) Answering paragraph 11 of Plaintiff's Complaint, Defendant repeats and realleges each and every response to the allegations in paragraphs 1 through 10 and reincorporates those responses by reference, as though fully set forth herein.

4) Answering Paragraphs 12, 13, 14, 15, 16, 19, 20, 21 and 25 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the facts alleged in said Paragraphs and therefore denies them.

5) Answering Paragraphs 17, 18, and 26 of the Complaint, Defendant asserts that the same constitute legal conclusions to which no response is required, however, if any responses is needed Defendant denies the same. To the extent said Paragraphs contain factual allegations, Defendant is without information or knowledge sufficient to form a belief as to the facts alleged therein and therefore denies the same.

6) Answering Paragraphs 22 and 23 of the Complaint, Defendant asserts that Plaintiff's allegations regarding any alleged duties imposed on R&R CARRIERS constitute legal conclusions to which no response is required, however, if any responses is needed Defendant denies the same. With respect to the remaining allegations contained in said Paragraphs, Defendant denies the same.

. . .

. . .

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Lack of subject matter jurisdiction)

The Court where this matter was filed lacks subject matter jurisdiction over this case or particular claims set forth in this case.

### SECOND AFFIRMATIVE DEFENSE

#### (Lack of personal jurisdiction)

The Court and jurisdiction where this matter was filed lacks personal jurisdiction over the Defendant.

### THIRD AFFIRMATIVE DEFENSE

#### (Improper venue)

The judicial district where this case was originally filed is an improper venue for the Plaintiff's case.

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure of service of process)

There has been failure of formal service, an insufficiency of process or insufficiency of service of process on the Defendant.

### FIFTH AFFIRMATIVE DEFENSE

#### (Failure to state a claim)

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

#### (Failure to join a necessary party)

Plaintiff has failed to join an indispensable party to this action in accordance with and/or the Defendant are not proper parties to this litigation.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Claims are time-barred)

Plaintiff's claims are barred by the applicable statute of limitations, statute of repose or the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Claims are waived or estopped)**

Plaintiff's claims have been waived or are estopped or are barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Agent acting outside scope)**

Plaintiff's claims are barred because to the extent any actions of Defendant's employees or agents were contrary to law (allegations that the Defendant denies), said acts were outside the scope of that person's authority, in direct contravention to Defendant's policies and were not ratified or approved by the Defendant.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to mitigate damages)**

Plaintiff failed to mitigate his damages, if any, and, therefore, any recovery must be reduced accordingly.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Comparative negligence)**

The Plaintiff assumed the risk of injury, was comparatively negligent and/or was contributory negligent and, therefore, Plaintiff's damages are reduced or barred by his apportionment of fault.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Denial of liability)**

That the damages, if any, incurred by the Plaintiff are not attributable to any act, conduct or omission on the part of the Defendant; Defendant denies negligence in any manner or in any degree with respect to the matter set forth in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Injuries caused by third-party)**

The damages allegedly sustained by Plaintiff, if any, were not caused by any negligence, want of care, or breach of contract or duty by this Defendant, but rather by the

acts or omissions of third persons who were not acting on behalf of the Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unavoidable accident)

The accident was such that the Defendant, if responsible for the accident at all, could not have foreseen or avoided the accident even using due care as required by law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Assumption of the risk)

At the time and place alleged in Plaintiff's Complaint, and for a period of time thereto, Plaintiff embarked upon and allowed himself to remain in a situation that he knew presented to him an extreme likelihood of injury, knowing and realizing the risk and danger involved, yet he voluntarily allowed himself to remain in such situation, knowing its potential, and, as a result, assumed the risk of his undertaking. The injuries alleged by Plaintiff were caused and arose out of such known and assumed risks.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Setoff/reduction of damages)

The Defendant is entitled to offset any amounts paid or payable to Plaintiff for damages allegedly sustained in this action, including any amounts paid or payable by or on behalf of any tortfeasor, against any amounts that may be found to be owed by the Defendant to Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Certain medical expenses not recoverable)

Where Plaintiff's medical expenses have been paid by a third party or insurance or the medical expenses have been satisfied for an amount less than billed by the medical care providers, the amount of Plaintiff's special damages is limited to the as-paid amount and Plaintiff shall not be allowed to recover the full as-billed amount. Howell v. Hamilton Meats & Provisions, Inc., 257 P. 3d 81 (Cal. 2011).

. . .

. . .

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Recovery of fees and costs)

That it has been necessary for the Defendant to employ the services of an attorney to defend this action and a reasonable sum should be allowed this Defendant as and for attorney's fees, together with their costs expended in this action.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of causation)

Some or all of Plaintiff's reported injuries were not legally or proximately caused by the incident which is the subject of Plaintiff's Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of causation, pre-existing injuries)

Some or all of the Plaintiff's reported injuries were pre-existing and not caused by the acts of the Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Open and Obvious)

All risks and dangers involved in the factual situation set forth in the Complaint were open and obvious to the Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Intervening and Superseding Cause)

Plaintiff is barred from asserting any claims against Defendant because the alleged damages were the result of the intervening, superseding conduct of others.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

All of the Defendant's affirmative defenses may not have been known at the time of answering and therefore the Defendant reserves their right to amend their answer and plead such affirmative defenses once they are discovered.

. . .

. . .

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Incorporation of Defenses)**

Defendant hereby incorporates by reference those affirmative defenses enumerated in Federal Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of Court to amend this Answer to specifically assert any such defenses. Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defenses.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Control)**

Plaintiff's damages, to the extent any have occurred, are due to the fault, acts, or omissions of third parties beyond the control of Defendant, and are not due to the fault, acts or omissions of Defendant.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Other Parties)**

Defendant alleges that the negligence of the Plaintiff and/or a third party exceeds that of Defendant, if any, and that the Plaintiff is thereby barred from any recovery.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

Any award of punitive damages would be unconstitutional under applicable constitutional protection. Furthermore, Defendant's conduct did not raise to the level needed to impose punitive damages against them.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Discovery)**

Defendant reserves their right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses would be appropriate.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Not Employee/Course & Scope)

Defendant asserts the subject driver was not an employee of Defendant nor was the driver acting in the course and scope.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendant demands a trial by jury on all issues appropriate for the jury to consider.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

A. Plaintiff take nothing by way of his Complaint;

B. That the Defendant be awarded their attorneys' fees and costs incurred in defending this action;

C. The Court dismiss the Complaint with prejudice;

D. The Court enter judgment on all counts of the Complaint in their favor against Plaintiff; and;

E. Any and all such further relief as the Honorable Court deems just, equitable, and proper.

DATED this 22nd of May, 2020.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By  /s/ Sarah B. Hartig
CORY R. EICHELBERGER
Nevada Bar No. 10577
SARAH B. HARTIG
Nevada Bar No. 10070
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Fax: 702.893.3789
*Attorneys for Defendant*
ONE WAY TRUCKING, LLC.; JOSE LUIS ALVAREZ, JR.; and R&R EXPRESS, INC.

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of LEWIS BRISBOIS BISGAARD & SMITH LLP and that on this 22nd day of May I did cause a true and correct copy of **DEFENDANT R&R EXPRESS, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** to be served via the Court's electronic filing system CM/ECF to the following:

John P. Shannon, Esq.
Jason S. Cook, Esq.
LAW OFFICE OF WILLIAM H. JACKSON
6130 Elton Avenue
Las Vegas, Nevada  89107

and

Steven T. Jaffe, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Plaintiff*


Marissa R. Temple, Esq.
Rogers Mastrangelo Carvalho & Mitchell
700 South Third Street
Las Vegas, NV 89101
*Attorney for Intervenor*

By   /s/ Misty Humphrey
       An Employee of
       LEWIS BRISBOIS BISGAARD & SMITH LLP