CORY R. EICHELBERGER
Nevada Bar No. 10577
SARAH B. HARTIG
Nevada Bar No. 10070
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Fax: 702.893.3789
Email:  cory.eichelberger@lewisbrisbois.com
Email:  sarah.hartig@lewisbrisbois.com
*Attorneys for Defendant*
*ONE WAY TRUCKING, LLC; JOSE LUIS ALVAREZ, JR.; and R&R EXPRESS, INC.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ESTEVAN ALVARADO-HERRERA, and individual,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE LUIS ALVAREZ, JR. individually; R & EXPRESS, INC., a Pennsylvania corporation; ALVARO JOSE MEDEL, individually; ONE WAY TRUCKING, LLC., a Texas Limited Liability Company; and DOES III through X, inclusive,<br><br>Defendant.<br><hr>ACUITY, A MUTUAL INSURANCE COMPANY,<br><br>Intervenor. | CASE NO. 2:19-CV-00748-JAD-VCF<br><br><br><br>**DEFENDANTS JOSE LUIS ALVAREZ, JR. AND ONE WAY TRUCKING, LLC'S MOTION TO EXTEND DISCOVERY**<br><br>**(Fifth Request)** |

COMES NOW, Defendants One Way Trucking, LLC and Jose Luis Alvarez, Jr. ("Defendants"), by and through their attorneys of record Lewis Brisbois Bisgaard & Smith LLP, hereby and hereby files the instant Motion for an extension of discovery deadlines. This Motion is the Fifth request by the parties for extension.

4810-5483-4914.1

This Motion is made and based upon on LR IA 6-1, LR 7-1, and LR 26-3, the memorandum of points and authorities incorporated herein, the declaration of Sarah B. Hartig incorporated herein, and any oral argument the Court deems appropriate.

DATED this 24th day of March, 2021.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Sarah B. Hartig
_____
CORY R. EICHELBERGER
Nevada Bar No. 10577
SARAH B. HARTIG
Nevada Bar No. 10070
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Attorneys for One Way Trucking, LLC;
Jose Luis Alvarez, Jr., and R&R Express, Inc.

## SARAH B. HARTIG, ESQ.'S DECLARATION IN SUPPORT OF DEFENDANTS MOTION TO EXTEND DISCOVERY DEADLINES

STATE OF NEVADA    )
                   ) ss.
COUNTY OF CLARK    )

I, Sarah B. Hartig, Esq., being first duly sworn, deposes and says:

1. I am an associate attorney at Lewis Brisbois Bisgaard & Smith, LLP, am duly licensed to practice law in the State of Nevada, and am an attorney for Defendants, One Way Trucking, LLC and Jose Luis Alvarez, Jr., in the above captioned matter.

2. I have personal knowledge of the facts set forth hereunder and am competent to testify to the same.

3. The instant Motion is brought in good faith and not for the purpose of undue delay.

4. Defendant One Way Trucking, LLC first appeared in this action on November 22, 2019 (Document 34). Given One Way Trucking's recent entry to the case, the parties agreed to continue the discovery deadlines 120 days. A Stipulated Discovery Plan and Scheduling Order was filed on November 27, 2019 (Document 36) and approved by the Court on December 2, 2019 (Document 36).

5. On January 8, 2020, our office requested dates for the deposition of Plaintiff. On January 9, 2020, counsel for Plaintiff, Taylor Anderson, Esq., responded and advised that they preferred waiting to schedule the deposition until outstanding issues regarding representation and appearance of defendants Jose Luis Alvarez and Alvaro Jose Medel, as well as identification of additional parties were resolved.  As counsel was unable to reach an agreement with respect to the scheduling of Plaintiff's deposition, our office noticed Plaintiff's deposition for February 10, 2020, and requested counsel provide alternative dates if there was a scheduling conflict.

6. On January 17, 2020, the undersigned had a telephone conversation with Taylor Anderson, Esq. wherein he proposed requesting a discovery conference with the

1  Court to discuss extending the discovery deadlines to allow for a continuance of
2  Plaintiff's deposition, as well as the addition of newly identified parties.

3      7.    On January 21, 2020, Plaintiff filed his Request for Case Management
4  Conference (Document 41).

5      8.    On February 6, 2020, the Court held a Case Management Conference and
6  ordered that pending depositions be vacated, an amended complaint be filed by
7  February 27, 2021, and a revised Stipulated Discovery Plan be submitted by April 27,
8  2020.

9      9.    On March 12, 2020, Nevada Governor Steve Sisolak declared a state of
10 emergency in response to the COVID-19 pandemic. On March 20, 2020, Governor
11 Sisolak ordered closure of all non-essential businesses.  On March 30, 2020, Governor
12 Sisolak issued a "stay at home" order to the citizens of Nevada.

13     10.    On May 1, 2020, the undersigned and Taylor Anderson, Esq. discussed
14 submission of an update to the Court regarding the progress of a revised Stipulated
15 Discovery Plan given delays in confirming representation and an appearance of newly
16 added party R&R Express, Inc.

17     11.    On May 15, 2020, the Court held a status hearing and directed counsel to
18 submit a revised Stipulated Discovery Plan by June 5, 2020.

19     12.    On June 4, 2020, a Second Revised Stipulated Discovery Plan (Document
20 54) was filed extending the deadlines 180 days. The same was approved by the Court
21 on June 9, 2020 (Document 55).

22     13.    On July 22, 2020, our office re-noticed the deposition of Plaintiff for August
23 17, 2020.  In response, Mr. Anderson contacted our office on August 3, 2020, to advise
24 of a scheduling conflict and provided alternative dates for Plaintiff's deposition in
25 September 2020.

26     14.    On August 13, 2020, the undersigned advised that we would agree to
27 continue Plaintiff's deposition, but an extension of the discovery deadlines would also be
28 necessary given an initial expert disclosure deadline in September 2020. Thereafter, the

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

parties agreed to a 90 day continuance and submitted a Third Revised Stipulated Discovery Plan on August 24, 2020. Plaintiff's deposition went forward on September 11, 2020.

15. On September 14, 2020, Mr. Anderson requested dates for the deposition of One Way Trucking's FRCP 30(b)(6) witness and provided a list of proposed topics.

16. One Way Trucking is no longer in business and its managing member, Alvaro Jose Medel, does not speak English. These issues coupled with the ongoing pandemic and upcoming holidays resulted in delays in the undersigned being able to contact Mr. Medel to confirm dates for One Way Trucking's deposition. Additionally, there had been, and continues to be, ongoing delays in obtaining records requested via subpoenas. As such, the undersigned proposed an additional 90 day continuance of the discovery deadlines, which was agreed to by all counsel on December 28, 2020. A Fourth Revised Stipulated Discovery Plan was submitted on January 4, 2021.

17. On February 10, 2021, the deposition of One Way Trucking, LLC's FRCP 30(b)(6) witness, as well as the deposition of Alvaro Jose Medel, went forward.

18. On February 26, 2021, Plaintiff's counsel forwarded a Life Care Plan authored by Dr. Oliveri. Pursuant to the same, Plaintiff claims that he will require ongoing medical care for the remainder of his life. We also received a Vocational Assessment authored by Carol Hyland, wherein she opines Plaintiff has also suffered a loss in earning capacity due to injuries related to the subject incident.

19. Plaintiff's counsel has also recently advised of their intent to seek amendment of the Complaint to assert specific causes of action against Mr. Medel personally. The parties previously agreed to an open extension for Mr. Medel to file a responsive pleading based on the defense position that he has no personal liability. Thus, Mr. Medel has not yet entered a formal appearance in this action and additional discovery will need to be conducted in that regard.

19. On March 19, 2021, we advised Plaintiff's counsel that we were requesting an independent medical examination of Plaintiff given his claim for future

medical treatment. We also advised that we will likely need to retain a life care planner, a vocational rehabilitation expert, and an economist to evaluate Plaintiff's claims regarding cost of future medical care and loss of earning capacity.  Also, on March 19, 2021, the undersigned had a telephone conference with Steve Jaffe, Esq. wherein it was advised that an extension of the discovery deadlines would be necessary to further evaluate Plaintiff's claims with respect to future damages. Mr. Jaffe responded that Plaintiff would not agree to extend the deadlines.

20. Multiple individuals employed by Lewis Brisbois Bisgaard & Smith, LLP have contracted COVID-19 and staff members and attorneys have been largely forced to work remotely during the course of the discovery window in this matter, taxing resources and making it difficult to complete discovery. This matter involves multiple Defendants located out of state, specifically both Texas and Pennsylvania, creating additional logistical hurdles during this pandemic.

21. Given that Plaintiff's counsel has expressed that they are unwilling to consider any further extension of the deadlines, Defendants are forced to bring forth the instant Motion.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 24th day of March, 2021.

/s/ Sarah B. Hartig

SARAH B. HARTIG

No Notary Required pursuant to NRS 53.045

## CORY R. EICHELBERGER, ESQ.'S DECLARATION IN SUPPORT OF DEFENDANTS MOTION TO EXTEND DISCOVERY DEADLINES

STATE OF NEVADA     )
                    ) ss.
COUNTY OF CLARK     )

I, Cory R. Eichelberger, Esq., being first duly sworn, deposes and says:

1. I am a partner at Lewis Brisbois Bisgaard & Smith, LLP, am duly licensed to practice law in the State of Nevada, and am an attorney for Defendants, One Way Trucking, LLC and Jose Luis Alvarez, Jr., in the above captioned matter.

2. I have personal knowledge of the facts set forth hereunder and am competent to testify to the same.

3. I submit there was excusable neglect in substantial part because I was ill from COVID19 in January and February 2021 and hospitalized; and in turn, largely unable to work. I was released from the hospital in February 2021 and continued my recovery at home. I am only recently regaining my health and am attempting to catch-up on the work that I could not do in January and February 2021. I submit my clients should not suffer because of my unexpected medical leave. As such, I respectfully request the Court grant an extension so Defendants can complete the discovery that is needed to ensure this case is heard on merits.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 24th day of March, 2021.

*/s/ Cory R. Eichelberger*
_____
CORY R. EICHELBERGER

No Notary Required pursuant to NRS 53.045

4810-5483-4914.1

7

# MEMORANDUM IN SUPPORT

## I. INTRODUCTION

This matter arises out of an incident that occurred on January 30, 2017, in the parking lot of Sierra Air Conditioning & Heating, LLC located at 4120 W. Patrick Ln. in Las Vegas, Nevada. Plaintiff, Alvarado Estevan-Herrera ("Plaintiff"), alleges that he was standing next to his company vehicle, a 2012 Ford Transit Connect van, with the left sliding door opened when Jose Luis Alvarez, Jr. ("Alvarez"), alleged to have been operating a 2015 Dodge Ram 3500 truck towing a trailer delivering a load of air conditioning units ("Subject Load"), struck Plaintiff. It is further alleged that Defendant Alvarez was operating the 2015 Dodge Ram on behalf of Defendant One Way Trucking, LLC ("One Way") and/or Defendant Alvaro Jose Medel ("Medel"). Plaintiff alleges that he suffered severe injuries as a result of the Subject Incident.

Plaintiff filed his Complaint on January 14, 2019, in the Eighth Judicial District Court, Clark County, Nevada, against R&A Carriers, Inc. and Alvarez.[1] R&A Carriers, Inc. subsequently removed the action to the United States District Court for the District of Nevada ("Federal Court") based on diversity jurisdiction on May 1, 2019. On February 15, 2019, a Stipulation and Order to Intervene was entered allowing Acuity, A Mutual Insurance Company ("Acuity"), to intervene in this matter. On August 27, 2019, Plaintiff filed an Amended Complaint to name One Way and its principal, Medel. An Answer as filed on behalf of One Way and Alvarez on November 22, 2019. A responsive pleading has not yet been filed on behalf of Medel as Plaintiff agreed to an open extension as to Medel pending further discovery and in light of One Way and Medel's position that he has no personal liability in this matter. It is One Way's understanding that Plaintiff now intends to move to amend his Complaint to assert a claim for alter ego as against Medel. Additionally, Plaintiff's counsel recently represented that he would be amending the

---

[1] R&A Carriers, Inc. has since been dismissed as it was determined that it was not involved in brokering or transporting the Subject Load.



Complaint to add yet another party to this litigation.

On February 27, 2020, Plaintiff filed a Second Amended Complaint naming R&R Express, Inc., the broker of the Subject Load. R&R Express and Plaintiff have reached a settlement and a dismissal of Plaintiff's claims as against R&R Express is forthcoming.

Since One Way's appearance in this matter in November 2019, the parties hereto have agreed to four (4) prior continuances. These continuances were necessitated due to the identification and appearance of new parties, as well as delays related to the COVID-19 pandemic. Despite the ongoing logistical hurdles presented in this matter, the parties have continued to move forward with discovery. However, additional discovery is necessary and simply cannot be completed within the current deadlines.

II.  DISCOVERY

  A.  **Discovery Completed to Date**

The parties have conducted the following discovery to date:

1. Exchange of initial disclosures;
2. Plaintiff propounded written discovery to R&A Carriers, Inc. and R&A Carriers, Inc. responded;
3. Plaintiff noticed the deposition of and took a non-appearance of Defendant Jose Luis Alvarez, Jr.[2];
4. Plaintiff propounded written discovery to One Way Trucking, LLC and One Way Trucking, LLC responded;
5. One Way Trucking, LLC propounded written discovery to Plaintiff and Plaintiff responded, except with respect to interrogatories to which Plaintiff objected citing FRCP 33(a)(1) and thereafter provided responses to interrogatories 1 through 25 only, with One Way

---

[2] One Way Trucking, LLC and Jose Luis Alvarez, Jr. dispute the validity of the deposition as Jose Luis Alvarez, Jr. had not yet filed an appearance in the action and reserved their right to object to the same.



4810-5483-4914.1                                  9

          Trucking, LLC reserving its right to seek leave to propound additional discovery to Plaintiff;

    6. One Way Trucking, LLC propounded written discovery on R&A Carriers, Inc. and R&A Carriers, Inc. responded;

    7. R&R Express, Inc. served written discovery on Plaintiff and Plaintiff responded;

    8. Plaintiff also served written discovery on R&R Express, Inc. and it responded;

    9. Plaintiff served written discovery on Acuity and Acuity responded;

    10. Plaintiff's deposition went forward on for September 11, 2020;

    11. The deposition of One Way Trucking, LLC's FRCP 30(b)(6) designee went forward on February 10, 2021;

    12. The deposition of Alvaro Jose Medel went forward on February 10, 2021;

    13. The deposition of R&R Express, Inc.'s FRCP 30(b)(6) designee went forward on February 18, 2021.

**B. Discovery Which Remains To Be Conducted**

    1. Initial Expert and Rebuttal Expert Disclosures;

    2. Depositions of Percipient Witnesses;

    3. Independent Medical Examination of Plaintiff;

    4. Vocational Interview of Plaintiff;

    5. Depositions of Plaintiff's Expert Witnesses;

    6. Depositions of Defendant's Expert Witnesses;

    7. Additional Written Discovery; and

    8. Any Additional Discovery Deemed Necessary.

/ / /

/ / /

/ / /

### III. EXTENSION IS WARRANTED

The Defendants have brought this instant Motion after a good faith effort to meet and confer with Plaintiff's counsel, pursuant to LR 26-6(c), without the assistance of judicial intervention. As Plaintiff and Defendants could not find common ground, the instant Motion was necessary. Defendants recognize that they are making this request fewer than twenty-one days before the current deadline for initial expert disclosures (December 14, 2020), however Defendants submit that good cause and excusable neglect exists for the delay.

Local Rule 26-4 states in relevant part:

> A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the Court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

In evaluating excusable neglect, the Court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party; (2) whether the moving party acted in good faith; (3) the length of the delay and its potential impact on the proceedings and (4) the danger of prejudice to the nonmoving party. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 385 (1993).

Although more time is needed to complete discovery, the discovery already completed and summarized above reveals the parties have actively participated in litigation and not simply allowed the case to lapse. Defendants have acted in good faith in participating in discovery and continue their efforts to obtain records and information needed from Plaintiff to properly evaluate his claims. Defendants request a ninety (90) day extension of all remaining discovery deadlines in this matter to allow the parties to complete outstanding discovery. The instant Motion is submitted by Defendants for good cause as Defendants have acted in good faith and actively participated in discovery. Additional time is simply needed to complete necessary discovery.

It is anticipated that Plaintiff will argue that the prior extensions were at the request of Defendants and the current request is a tactic to delay this matter. While it is true that there have been four prior extensions of the dates, the same were agreed upon by all parties. The first extension, approved December 2, 2019 (Document 37), was at Plaintiff's request due to Plaintiff's amendment of his Complaint to name One Way and Medel. The second extension was the result of a Case Management Conference requested by Plaintiff's counsel to allow for identification and appearance of additional parties prior to Plaintiff's deposition going forward. Governor Sisolak declared a state of emergency shortly thereafter, followed by a stay at home order. The third extension was, in part, to accommodate a continuance of Plaintiff's deposition at Plaintiff's counsel's requests. The most recent extension was, again, a function of logistical and scheduling delays given out of state witnesses.

Indeed, discovery has been frustrated in this case on a myriad of levels due to COVID-19. Multiple individuals at Lewis Brisbois Bisgaard & Smith, LLP have contracted COVID-19 and staff has been largely forced to work remotely during the course of the discovery window taxing resources and making it difficult to respond to discovery on behalf of Defendants and to coordinate for depositions, as well as delays in responses to subpoenas for documents. Defendants are hardly attempting to complain and recognize countless Americans have passed because of the virus. Nevertheless, the virus has impacted Defendants' ability to proceed within the time frames adopted by the Court, necessitating a continuance of this matter.

Defendants submit there will be no prejudice to Plaintiff when the deadlines are continued as Plaintiff's counsel sent a letter a few weeks ago, on February 26, 2021 representing that Plaintiff would be amending the pleadings to add additional claims and would be amending his Complaint to add another party.  Plaintiff certainly knew that brining new parties and claims could necessitate a continuance of discovery.

/ / /

/ / /

## IV. DEFENDANTS' PROPOSED DISCOVERY SCHEDULE

Defendants submit the following proposed discovery plan, which represents a ninety (90) day extension of the remaining discovery deadlines:

| EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Discovery Deadline | June 4, 2021 | **September 6, 2021** |
| Amend Pleading/Add Parties | Expired | **June 8, 2021** |
| Expert Disclosures | April 5, 2021 | **July 6, 2021** |
| Rebuttal Expert Disclosures | May 5, 2021 | **August 9, 2021** |
| File Dispositive Motions | July 5, 2021 | **October 6, 2021** |
| Pre-Trial Order | August 4, 2021 | **November 5, 2021** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

Defendants are not attempting to delay the conclusion of this matter; rather they are requesting a necessary extension to complete discovery. Based upon the foregoing, Defendants respectfully request the Court enter a new Scheduling Order with the dates proposed above.

DATED this 24th day of March, 2021.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Sarah B. Hartig
_____
CORY R. EICHELBERGER
Nevada Bar No. 10577
SARAH B. HARTIG
Nevada Bar No. 10070
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Attorneys for One Way Trucking, LLC;
Jose Luis Alvarez, Jr., and R&R Express, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of LEWIS BRISBOIS BISGAARD & SMITH LLP and that on this 24th day of March, 2021 I did cause a true and correct copy of **DEFENDANTS JOSE LUIS ALVAREZ, JR. AND ONE WAY TRUCKING, LLC'S MOTION TO EXTEND DISCOVERY** to be served via U.S. MAIL and electronic mail to the following:

John P. Shannon, Esq.
Jason S. Cook, Esq.
LAW OFFICE OF WILLIAM H. JACKSON
6130 Elton Avenue
Las Vegas, Nevada  89107

Steven T. Jaffe, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Plaintiff*

Marissa R. Temple, Esq.
Rogers Mastrangelo Carvalho & Mitchell
700 South Third Street
Las Vegas, NV 89101
*Attorney for Intervenor*

By  */s/ Misty Humphrey*
An Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP